IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY BULLOCK,

    **Petitioner,**

v.                                                                         Civil Action No. 3:25cv431

CHADWICK DOTSON, *et al.*,

    **Respondents.**

## MEMORANDUM OPINION

Timothy Bullock, a Virginia inmate currently housed in Nevada, brings this this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions in the Circuit Court for the City of Richmond for murder and use of a firearm in the commission of a felony. (*See* ECF No. 1.) The Court has previously denied Mr. Bullock's § 2254 petition attacking these convictions. *Bullock v. Clarke*, No. 3:19CV945, 2021 WL 786012, at *1–7 (E.D. Va. Feb. 3, 2021), *R & R adopted*, 2021 WL 785088 (E.D. Va. Mar. 1, 2021). Therefore, for the reasons set forth below, the action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to

file the present § 2254 Petition. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Mr. Bullock fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 6/30/2025
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge